UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| In Re: | : | |
| | : | |
| Food Management Group, LLC, | : | Case No. 04-22880 (ASH) |
| | : | |
| DEBTOR | : | Chapter 11 |
| | : | |

**MEMORANDUM AND ORDER DENYING REQUEST FOR RECUSAL**

Pending before the Court is a request that I recuse myself from involvement in this matter. The Court heard argument on the request on January 24, 2007. The request was denied from the bench. This memorandum and order sets forth the basis for the Court's ruling.

By letter dated December 14, 2006, from Gil M. Coogler, Esq. of White Fleishner & Fino, LLP, counsel for several prospective defendants in a proposed adversary proceeding in this case, counsel requested, pursuant to 28 U.S.C. § 455, that I recuse myself from involvement in this matter because one of my law clerks was previously employed by the Chapter 11 Trustee's counsel, Gardner Carton & Douglas LLP, and in fact worked on the proposed adversary complaint. The Court's file also includes a December 13, 2006 from Alan E. Marder, Esq., counsel for five of the proposed defendants in the adversary proceeding, and a December 14, 2006 letter from Craig M. Johnson, Esq., counsel for five other proposed defendants in the adversary proceeding. The Marder and Johnson letters state that their clients have no objection to the Court handling these proceedings provided that the law clerk is not assigned to the matter.

1

On December 21, 2006, the Court entered an Order reciting that my law clerk advised me of the circumstances of his prior employment before the letter requesting recusal was received, and recused himself from any matters concerning *In re Food Management Group, LLC*. The Order also requires that any counsel communicating with my chambers concerning *In re Food Management Group, LLC* should communicate only with my Courtroom Deputy or my other law clerk.

The December 21, 2006 Order further required that any party wishing to file legal memoranda regarding recusal do so no later than 5:00 pm, Thursday, January 4, 2007. No legal memoranda were filed in response to the Order.

Section 455(a) of the United States Code states: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Bankruptcy Rule 5004 provides that a bankruptcy judge shall be governed by § 455. Here, the request for recusal is based on the notion that there is an appearance of impartiality by having in chambers a law clerk who had worked on this matter while employed by one of the law firms representing the Chapter 11 Trustee. As already indicated, prior to receiving the request for recusal, my law clerk had already recused himself from any involvement in these proceedings. The question now is whether his employment as one of my law clerks, even though he has not had and will not have any involvement in the case, is sufficient to require me to recuse myself.

The test for determining whether a judge should disqualify himself under § 455(a) is whether a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned. *See Hepperle v. Johnston,* 590 F.2d 609,

614 (5th Cir.1979).  Coogler's argument is that, notwithstanding my law clerk's recusal, a reasonable observer would nevertheless entertain a significant doubt as to the court's impartiality.   There is no basis in fact or in law to reach this conclusion.

"If a clerk has a possible conflict of interest, it is the clerk, not the judge who must be disqualified."  *Hunt v. American Bank & Trust Co.,* 783 F.2d 1011, 1016 (11th Cir.1986).   Recusal of the Court has not been required where the law clerk is not working on the case.  *Bartel Dental Books Co., Inc. v. Schultz*, 786 F.2d 486, 490 (2d Cir.1986).  Screening of a recused law clerk from involvement in the matter is sufficient whether the law clerk's recusal results from prior or future employment by the law clerk. *Byrne v. Nezhat*, 261 F.3d 1075, 1102 (11th Cir. 2001) ("Because precedent approves the isolation of a law clerk who has accepted future employment with counsel appearing before the court . . . it follows that isolating a law clerk should also be acceptable when the clerk's former employer appears before the court.").   Any argument that my other law clerk would be influenced by the knowledge that her co-clerk worked for one of the firms involved in this proceeding would be frivolous.  *Bartel Dental Books Co.*, 786 F.2d at 490.

For the foregoing reasons, the request for recusal is denied.

DATED:  January 24, 2007

                                              **/s/Martin Glenn**
                                              MARTIN GLENN
                                     United States Bankruptcy Judge