UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                  Case Nos. 04-22880 (ASH)
                                                                                        04-22890 (ASH)
FOOD MANAGEMENT GROUP, LLC,                              04-22891 (ASH)
KMA I, INC.,                                                               04-22892 (ASH)
KMA II, INC.,                                                              04-20312 (ASH)
KMA III, INC.,
BRONX DONUT BAKERY, INC.,                                (Chapter 11)

                                    Debtors.
------------------------------------------------------------x

# OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION SEEKING ORDER SEALING PROSPECTIVE ADVERSARY PROCEEDING PURSUANT TO 11 U.S.C. § 107(b)(2)

Diana G. Adams, the United States Trustee for Region 2 (the "UST"), by and through her counsel, hereby files this Objection to the Motion of Rattet, Pasternak & Gordon Oliver, LLP (the "Movant"), for an Order sealing, among other things, an adversary proceeding complaint (the "Complaint") and all matters created by the filing of the Complaint, and in support thereof states as follows:

**Jurisdiction**

1. The UST has the responsibility under 28 U.S.C. Section 586 to supervise the administration of cases and trustees in cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. This Court has jurisdiction to receive the above-captioned Objection.

3. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard.

4. By filing this Objection, the UST does not take a position regarding the merits of the Complaint.

5. The Movants, however, seek to designate the adversary proceeding as a whole,

and all of the documents to be produced in that adversary proceeding, as confidential. In light of the overriding public policy interest in promoting transparency in judicial proceedings, in general, and the integrity of the bankruptcy system, in particular, the UST objects to the Movant's request. The Movant's extraordinary request is of particular concern in light of its breadth. The Motion is not limited to certain documents that contain sensitive, proprietary information, but instead would shield from the public eye an entire lawsuit. Such sweeping relief would be inimical to the letter and spirit of the bankruptcy process and contravene 11 U.S.C. § 107. Accordingly, the Motion should be denied.

**Background**

6. On or about June 1, 2004, debtor Food Management Group, LLC filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

7. On or about June 2, 2004, debtors KMA I, Inc., KMA II, Inc., KMA III, Inc. and Bronx Donut Bakery, Inc. filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

8. On or about September 2, 2005, pursuant to an Order of this Court, the United States Trustee appointed Janice Grubin, Esq. as Chapter 11 Trustee (the "Chapter 11 Trustee"). The Chapter 11 Trustee continues to serve in that capacity.

9. During August 2006, the Chapter 11 Trustee advised counsel to the Rattet Firm of her intention to commence an adversary proceeding (the "Prospective Adversary Proceeding"). Among the defendants listed in the draft Complaint is the law firm of Rattet, Pasternak & Gordon Oliver, LLP (the "Rattet Firm").

10. On October 20, 2006, the Rattet Firm filed the instant motion, seeking an Order sealing the Prospective Adversary Proceeding.

**Argument**

### A. Public Policy Favors Open Access To Documents Filed in Bankruptcy Cases

11. Federal Rule of Bankruptcy Procedure 5001(b) provides, in pertinent part, as follows: "All trials and hearings shall be conducted in open court and so far as convenient in a regular court room." *See In re Global Crossing Ltd.*, 295 B.R. 720, 723-24 (Bankr. S.D.N.Y. 2003). Thus, parties seeking to deny public access to court documents must overcome a strong presumption. *Neal v. The Kansas City Star*, (*In re Neal*), 461 F.3d 1048, 1053 (8th Cir. 2006); *Gitto v. Worcester Telegram & Gazette Corp.* (*In re Gitto Global Corp.*), 422 F.3d 1, 6 (1st Cir. 2005).

12. In the bankruptcy context, the general rule of open access is set forth in Section 107(a) of the Bankruptcy Code, which provides, in part, that subject to certain limited exceptions,

> a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

11 U.S.C. § 107(a). *See In re Continental Airlines*, 150 B.R. 334, 338 (D. Del. 1993) (section 107 reflects Congress's intent to favor public access to papers filed with the bankruptcy court).

13. "The policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in a bankruptcy proceeding." *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994); *In re Barney's, Inc.*, *et al.*, 201 B.R.703, 707 (Bankr. S.D.N.Y. 1996) ("Congress did not

3

intend that sealed pleadings be the rule in bankruptcy cases"); *In re Alterra Healthcare Corp.*, No. 03-10254 (MFW), 2006 WL 2946055, at * 6 (Bankr. D. Del. 2006) ("Congress has codified the historical practice of open access in bankruptcy").

> **B.  The Denial Of Public Access Is An Extraordinary Remedy That Is Appropriate Only Under Very Limited Circumstances**

14. Limited exceptions to the general rule are contained in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Section 107(b) provides in relevant part that

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."

11 U.S.C. § 107(b).
.

15. Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under the Bankruptcy Code Section 107(b) and provides as follows:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation."

Fed. R. Bankr. P. 9018.

16. As a limited exception to the rule, the burden is on the moving party to show that a request to place documents under seal falls within the parameters of Bankruptcy Code Section 107(b) and FRBP 9018. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 194 (3d Cir. 2001); *In re Fibermark, Inc.*, 330 B.R. 480 (Bankr. D. Vt. 2005). Courts do not lightly ignore their mandate to conduct open proceedings. A party that invokes Section 107(b) must demonstrate that "compelling circumstances" are present before a court will deviate from the rule that "all documents filed in bankruptcy cases should be available to the public." *In re Hemple*, 295 B.R. 200, 202 (Bankr. D. Vt. 2003).

17. In light of the general rule that "the public has a right to know," the sealing of records "is a highly unusual and extraordinary remedy." *In re Eric Associates V*, 54 B.R. 445, 448 (Bankr. E.D. Va. 1985). While "not absolute," "the right of public access to court records is firmly entrenched and well supported by policy and practical considerations. . . ." *Orion*, 21 F.3d at 27. Therefore, "documents which are part of the court record should not remain under seal absent the most compelling reasons." *Fibermark*, 330 B.R. at 503-04. The inquiry then is whether the moving party has met its burden for keeping documents "out of the public domain." *Id.* at 504.

18. The strong presumption of openness does not permit the routine closing of judicial records to the public, and the party seeking to seal any part of a judicial record bears the heavy burden of showing (1) that the material is the kind of information that courts will protect and (2) that disclosure will work a clearly defined and serious injury to the party seeking closure. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984). Before sealing the record, the

court must be able to articulate the compelling countervailing interests to be protected, make specific findings on the record concerning the effects of the disclosure and provide an opportunity for interested third parties to be heard. *Id.*, 733 F.2d at 1072.

19.     Moreover, to make the difficult case that the facts at hand should lead to the extraordinary remedy of hiding documents from public view, the moving party must "clearly define[]" the "serious injury" that would ensue from public disclosure of the documents. *In re Cendant Corp.*, 260 F.3d at 194. Vague allegations that public access to documents would cause hardship are not sufficient to defeat the clear public policy embodied in Section 107(a). *See id.* ("specificity is essential" for party seeking to deny public access).

### C.     The Rattet Firm Has Failed To Meet Its Heavy Burden To Show That The Public Should Be Denied Access To The Entire Adversary Proceeding

20.     In the instant case, the Rattet Firm seeks to shield itself–and the public--from "disclosure of scandalous or defamatory matter." See Motion, ¶ 57. The extraordinary relief the Rattet Firm desires goes far beyond merely hiding from public view certain discrete statements in the Complaint. The Rattet Firm believes that the entire Prospective Adversary Proceeding constitutes "scandalous or defamatory matter," and thus should be hidden from public view.

21.     Although the Rattet Firm seems to have conclusively determined that the Chapter 11 Trustee's Complaint contain "scandalous or defamatory matter," there has been no showing to support such a determination. The standard that applies to whether a document should be sealed is not simply whether it will "embarrass" the Rattet Firm or to protect its privacy. *In re Fibermark*, 330 B.R. at 508-09. Courts must examine requests to seal documents against the "countervailing statutory, constitutional, and policy concerns" that favor public access to

documents. *Id.* The "mere possibility that [certain documents] contain 'defamatory' assertions" is not enough to overcome the public policy set forth in Section 107(a). *In re Continental Airlines*, 150 B.R. at 340.

22. Moreover, the Motion is silent as to the veracity of the Chapter 11 Trustee's allegations. This glaring omission is significant as the exception set forth in Section 107(b)(2) applies only to "scandalous or defamatory." 11 U.S.C. § 107(b)(2). It does not apply to statements that are accurate. *In re Whitener*, 57 B.R. 707, 709 (Bankr. E.D. Va. 1986). The Rattet Firm, perhaps, sensed this difficulty when it offered to give the Court discretion "to unseal the file" if the firm "is ultimately held liable." Motion, ¶ 53.

23. Unfortunately for the Rattet Firm, courts will not seal such documents at the outset to see if the court determines in the end that the potentially damaging statements at issue turn out to be true. *In re Gitto Global Corp.*, 422 F.3d at 17. In *Gitto Global*, the Court observed that Section 107(b)(2) may be invoked "only in the rare case where the untruthfulness is readily apparent." *Id.* Otherwise, bankruptcy courts deciding Section 107(b)(2) motions would have to determine "questions of truthfulness" through "discovery or additional hearings" right then and there. *Id.*

24. In any event, the merits of the statements that the Rattet Firm seeks to have filed under seal are not relevant to a determination as to whether public is to be denied access to those documents. *See In re Fibermark*, 330 B.R. at 508-09 (merits of conclusions "not salient in the Court's assessment of whether the [document in which conclusions appear] should be publicly available")

25. The breathtaking sweep of the relief that the Rattet Firm seeks should only add to

7

the heavy burden that must be met by any party looking to overcome the strong presumption in favor of openness. The Rattet Firm is testing the boundaries of how far defendants can go to shield themselves from the public eye. Tellingly, the Motion does not refer to a single case or other authority that stands for the proposition that *an entire lawsuit* can be kept under seal. Perhaps that is because the Rattet Firm seeks relief that is not only extraordinary, but also unprecedented.

26.    The relevant statute is instructive. As noted above, Section 107(b) of the Bankruptcy Code refers to "scandalous or defamatory matter *contained in a paper* filed in a case under this title." 11 U.S.C. § 107(b)(2) (emphasis added). Congress could have employed broader language in the statute, so that whole adversary proceedings could be filed under seal. Instead, however, the statute is restricted to discrete matters "contained in a paper." Obviously, the Rattet Firm is not satisfied with the limited scope of Section 107(b). In effect, the Motion calls upon the Court to expand the scope of Section 107(b) to include not only "matter[s] contained in a paper," but also entire lawsuits. The law does not permit this action.[1]

---

[1] Actually, the Motion itself contains the seeds of its own destruction. Citing, among other cases, *Global View Ltd. Venture Capital v. Great Central Basin Exploration, L.L.C.*, 288 F. Supp.2d 473, 481 (S.D.N.Y. 2003), the Rattet Firm argues that courts will avoid "unnecessary dissemination of scandalous and defamatory matter that adds nothing to the litigation of the Complaint." Motion, ¶ 59. Embedded in the Rattet Firm's block quote from the opinion in *Global View* is a quotation from the court in *Kounitz v. Slaatten*, 901, F. Supp. 650, 658 (S.D.N.Y. 1995): "[M]otions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." Motion, ¶ 59, quoting *Global View Ltd.*, 288 F. Supp. at 481.

The quotation from *Kounitz* demonstrates precisely why the Motion should be denied. First, under *Kounitz*, keeping court documents out of the public eye is "disfavored." In addition, the exception to the rule is limited to matters that have "no bearing on the issue in dispute." *Kounitz*, 901 F. Supp.2d at 658. Neither that case, nor any other case cited in the Motion, stands for the proposition that the entire dispute should be hidden from the public eye. It bears noting

04-22880-rdd    Doc 936    Filed 01/31/07    Entered 01/31/07 14:14:34    Main Document
Pg 9 of 9

27. The policies of Sections 107 and Federal Rule of Bankruptcy Procedure 9018, as enumerated above, place the burden squarely on the Debtors to show a compelling need to seal or mark such information as confidential. The Debtors have failed to meet such burden in this case.

28. Accordingly, the Rattet Firm's attempt to hide the Prospective Adversary Proceeding from public view must fail.

**Conclusion**

For the reasons set forth herein, the UST respectfully requests that the Court deny the Motion in all respects, and grant such other relief as the Court deems just and proper.

Dated: New York, New York
       November 15, 2006

                                              Respectfully submitted,

                                              DIANA G. ADAMS
                                              ACTING UNITED STATES TRUSTEE

                                      By:     /s/ Richard C. Morrissey
                                              Richard C. Morrissey
                                              Trial Attorney
                                              33 Whitehall Street, 21st Floor
                                              New York, New York 10004
                                              Telephone (212) 510-0500
                                              Fax:      (212) 668-2255

---

that argument in *Kounitz* involved a *paragraph*, not an entire complaint--to say nothing of an entire adversary proceeding. *Id*.